### WILLIAM ESTES *versus* MICAIAH BLAKE & *al.*

Upon a witnessed note, on which a partial payment has been made within twenty years, there arises no presumption of payment, from mere lapse of time.

The remedy of the holder is upon the note itself, and not upon any implied promise, supposed to arise from such payment.

ASSUMPSIT, upon a witnessed note, payable more than twenty years before the commencement of this suit, on which a part payment had been made, within said twenty years.

*Frye,* for defendant.

The plaintiff's right arising from the partial payment of a note, is upon the promise, implied by law from such payment, and not upon the original note. Such an implied promise, is a new cause of action. *Little* v. *Blunt,* 9 Pick. 448 ; *Barrett* v. *Barrett,* 8 Greenl. 353 ; Greenl. Ev. 2, § 440.

And, in the application of the statute of limitations, it is to be placed in the same category with all other implied promises. 1 Greenl. Ev. § 39.

*Gerry,* for plaintiff.

WELLS, J. orally. — A payment upon a note within six years of the commencement of the suit, extends its vitality to six years after such payment. So a payment made upon a witnessed note, gives it new life for the next twenty years. The principle is the same in both cases. The payment is an acknowledgment, that it is an existing note, and operates to destroy the operation of the statute of limitations for that period, and negatives a presumption of payment, from mere lapse of time.　　　　　　　*Judgment for plaintiff.*